UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS VERNON HEATON,<br><br>Defendant. | Case No. 4:14-cr-00224-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Defendant Douglas Vernon Heaton's pro se Motion for Modification of Term of Imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i) (Dkt. 32). Heaton also filed a supplemental notice attaching letters of support (Dkt. 34). The Government opposes the motion (Dkt. 35). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal arguments are adequately presented and decides the motion on the parties' briefing. Dist. Idaho Loc. Civ. R. 7.1(e)(1)(B); Fed. R. Civ. P. 78(b). For the reasons below, the Court denies the motion.

## I. BACKGROUND

In June 2015, Heaton was sentenced to 189 months of imprisonment after pleading guilty to possession with intent to distribute methamphetamine under 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Dkt. 32 at 4; Dkt. 35 at 3-4). Heaton had a total offense level of 34 and Criminal History Category VI, yielding an advisory Guidelines range of 262 to 327 months. His offense-level calculation included enhancements for obstruction of justice, possession of a firearm and reckless endangerment during flight, as well as application of the career-offender guideline, U.S.S.G.

§ 4B1.1 (Dkt. 32 at 5-9; Dkt. 35 at 3-4). The Government represents that the 189-month sentence reflected a substantial-assistance reduction and was below both the advisory range and Probation's 290-month recommendation (Dkt. 35 at 4).

On June 9, 2025, Heaton filed his handwritten motion seeking a reduction to time served (Dkt. 32 at 1, 32). He relies on Amendments 826 and 829 to the Sentencing Guidelines; the First Step Act; constitutional arguments concerning sentencing enhancements; his age at the time of prior offenses and his present risk of recidivism; his rehabilitation; and his elderly parents' medical needs (Dkt. 32 at 10-32). He also asks for appointment of counsel (Dkt. 32 at 32). His supplemental filing includes three letters describing his family's circumstances and the support available to him if released (Dkt. 34-1 at 1-3).

The Government argues that Heaton has not established extraordinary and compelling reasons for release, no amendment entitles him to a Guidelines reduction, and the sentencing factors weigh against relief (Dkt. 35 at 4-16). It concedes that Heaton satisfied the administrative prerequisite for compassionate release (Dkt. 35 at 6).

## II. LEGAL STANDARD[1]

### A. Compassionate Release Under Section 3582(c)(1)(A)

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified, except in limited circumstances. 18 U.S.C. § 3582(b).

---

[1] Because Defendant proceeds pro se, the Court liberally construes his motion. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed . . . ."); *United States v. Qazi*, 975 F.3d 989, 992 (9th Cir. 2020) (same). Accordingly, the Court considers the substance of Defendant's request rather than merely the label assigned to it. Liberal construction, however, does not expand the Court's statutory authority to modify a criminal sentence. A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified, except in limited circumstances. 18 U.S.C. § 3582(b).

Congress has provided an exception for a "compassionate release" under 18 U.S.C. § 3582(c)(1)(A). To grant compassionate release under this provision, a district court must, as a threshold matter, determine whether a defendant has exhausted his administrative remedies. If the exhaustion requirement is met, the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction," and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Lastly, the Court must consider the 18 U.S.C. § 3553(a) sentencing factors to the extent that they are applicable. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Keller*, 2 F.4th 1278, 1283-84 (9th Cir. 2021). The defendant bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998).

**B. Retroactive Guidelines Amendments Under Section 3582(c)(2)**

Section 3582(c)(2) establishes an exception to the general rule of finality. *Dillon v. United States*, 560 U.S. 817, 824 (2010). Under § 3582(c)(2), a district court has authority to reduce a defendant's sentence if the Sentencing Commission subsequently lowered the defendant's sentencing range, a reduction is consistent with the applicable policy statements issued by the Sentencing Commission, and the court considers the § 3553(a) factors.

The analysis is twofold: (1) whether a retroactive amendment to the Guidelines lowered the applicable range; and (2) whether a reduction is consistent with the § 3553(a) factors and the Commission's policy statements. *Dillon*, 560 U.S. at 826–27; U.S.S.G. § 1B1.10. Any reduction is limited to the low end of the amended guideline range absent a substantial assistance departure. U.S.S.G. § 1B1.10(b)(2). A court lacks authority to impose a sentence below the statutory

minimum absent specific statutory authorization. *United States v. Ruiz*, No. 1:22-cr-00219-AKB-1, 2025 WL 3770158, at *2 (D. Idaho Dec. 31, 2025).

## IV. ANALYSIS

### A. Administrative Exhaustion

An inmate may move for compassionate release after fully exhausting administrative appeals or after 30 days have elapsed from the warden's receipt of the inmate's request, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *Keller*, 2 F.4th at 1281. Heaton requested compassionate release on April 9, 2025, and the warden's office received his request on April 17, 2025 (Dkt. 35-1 at 2, 4). Heaton filed his motion more than 30 days later, on June 9, 2025 (Dkt. 32 at 1). The Government concedes exhaustion (Dkt. 35 at 6). The Court therefore reaches the merits.

### B. The Guidelines Amendments Do Not Support a Reduction Under Section 3582(c)(2)

Heaton relies principally on two amendments effective in November 2024. Amendment 826 modified U.S.S.G. § 1B1.3 to exclude certain acquitted conduct from relevant conduct used to determine the Guidelines range. Amendment 829 revised U.S.S.G. § 5H1.1 to recognize more expressly the relevance of age, including youthfulness, in sentencing (Dkt. 32 at 10-19). Construed as a request under § 3582(c)(2), these arguments fail.

Neither Amendment 826 nor Amendment 829 is listed for retroactive application under U.S.S.G. § 1B1.10(d). More fundamentally, Heaton has not shown that either amendment lowers the sentencing range applicable to him. Amendment 826 concerns acquittals, not prior convictions. The prior offenses Heaton identifies in calculating his criminal-history points were convictions, and he identifies no acquitted conduct used in his Guidelines calculation (Dkt. 32 at 7-16; Dkt. 35 at 9-10). Nor does his guilty plea and the dismissal of other indicted charges establish an acquittal. Amendment 829 is a policy change concerning the consideration of age; it does not eliminate the

career-offender provision or otherwise reduce his calculated Guidelines range. *See* U.S.S.G. §§ 4B1.1, 5H1.1.

Because Heaton has not identified a retroactive amendment that reduces his applicable Guidelines range, the Court lacks authority to reduce his sentence under § 3582(c)(2). *See Ruiz*, 2025 WL 3770158, at *2; *United States v. Satterwhite*, No. 1:23-cr-00123-AKB-1, 2025 WL 3063249, at *2 (D. Idaho Nov. 3, 2025).

**C. Heaton Has Not Established Extraordinary and Compelling Reasons for Compassionate Release**

**1. His Parents' Medical Circumstances**

Under U.S.S.G. § 1B1.13(b)(3)(C), a parent's incapacitation may constitute an extraordinary and compelling reason when the defendant would be the only available caregiver. Age or a need for some assistance, without the specified showing, is insufficient. *Mercado*, 2025 WL 2987092, at *2; *United States v. Ross*, No. 4:17-cr-00102-AKB-1, 2024 WL 3677337, at *2 (D. Idaho Aug. 5, 2024).

Heaton states that his mother is approximately 74 years old and suffers from lupus, and that his father is approximately 82 years old and has experienced heart attacks and bypass surgery (Dkt. 32 at 27). His mother wrote that she has rheumatoid arthritis, could use extra help at home, and wants her son to return (Dkt. 34-1 at 1). The Court does not discount the seriousness of these circumstances. Nevertheless, neither Heaton's descriptions nor his mother's letter establishes that either parent is currently incapacitated. No medical records or comparable information describe either parent's present functional limitations. Moreover, Heaton does not explain why he is the only available caregiver. Although the Government points to siblings identified in the presentence report (Dkt. 35 at 8), the Court need not determine whether any sibling is presently able to provide care: Heaton has not shown that alternative caregivers are unavailable.

The Court therefore concludes that Heaton has not established an extraordinary and compelling family circumstance under § 1B1.13(b)(3)(C). The result is the same to the extent he seeks relief to care for a stepparent under § 1B1.13(b)(3)(D), because his submissions do not establish the required incapacitation and lack of an available caregiver.

**2. Changes in Sentencing Law and the Length of His Sentence**

Heaton next argues that the First Step Act and the 2024 Guidelines amendments make his 189-month sentence unusually long (Dkt. 32 at 28-32). U.S.S.G. § 1B1.13(b)(6) allows consideration of certain changes in law when a defendant has served at least 10 years of an unusually long sentence, but only when the qualifying change would produce a gross disparity between the sentence being served and the sentence likely to be imposed when the motion was filed, considering the defendant's individual circumstances. The subsection expressly excludes Guidelines amendments that have not been made retroactive. U.S.S.G. § 1B1.13(b)(6). Other nonretroactive changes in law cannot independently establish an extraordinary and compelling reason outside the terms of that subsection. U.S.S.G. § 1B1.13(c).

Heaton has served more than 10 years of his sentence. The Court nevertheless concludes that he has not identified a qualifying change in law producing the required gross disparity. Amendments 826 and 829 do not qualify under subsection (b)(6) because neither has been made retroactive. The First Step Act also does not show that Heaton would face a materially lower sentence if sentenced today. Heaton's offense involved a quantity of methamphetamine triggering the 10-year statutory minimum under 21 U.S.C. § 841(b)(1)(A)(viii).

Heaton further invokes the Fifth and Sixth Amendments, asserting that a jury should have determined the facts underlying his sentencing enhancements (Dkt. 32 at 18-24). Those constitutional arguments do not identify a qualifying change in law or a retroactive Guidelines amendment authorizing modification of this final sentence. More to the point, "[e]lements of a

crime must be charged in an indictment and proved to a jury beyond a reasonable doubt. Sentencing factors, on the other hand, can be proved to a judge at sentencing by a preponderance of the evidence." *United States v. O'Brien*, 560 U.S. 218, 224 (2010) (internal citations omitted).

The record reflects that Heaton received a sentence substantially below the original advisory Guidelines range (*see* Dkt. 35 at 4). A below-Guidelines sentence does not categorically preclude relief under the language of § 1B1.13(b)(6), but Heaton has not established a qualifying legal change that would produce a gross disparity in the sentence he would likely receive today. His unusually-long-sentence theory therefore fails.

**3. Age, Rehabilitation, and Combined Circumstances**

Heaton emphasizes his age, the role methamphetamine addiction played in his earlier offenses, and his efforts to rehabilitate himself (Dkt. 32 at 13-18). He has submitted a Bureau of Prisons program review reflecting participation in numerous educational and vocational programs, favorable recent institutional conduct, and progress toward assigned goals (Dkt. 32-1 at 2-7). The same review lists his recidivism risk as medium (Dkt. 32-1 at 6-7). His supplemental letters describe family and community support, including offers of assistance with housing, employment, transportation, meetings, and other reentry needs (Dkt. 34-1 at 1-3).

The Court acknowledges these efforts. Heaton was approximately 44 years old when he filed his motion, well below the threshold for age-based compassionate release under § 1B1.13(b)(2), which requires, among other things, that the defendant be at least 65 years old and experience serious deterioration in health because of aging. Nor is rehabilitation alone an extraordinary and compelling reason. U.S.S.G. § 1B1.13(d); *Mercado*, 2025 WL 2987092, at *2-3. The Court has considered his rehabilitation in combination with his family circumstances, age,

and other asserted grounds. Together, those circumstances do not establish an extraordinary and compelling reason under § 1B1.13(b).

**4. The Section 3553(a) Factors Independently Weigh Against a Reduction**

Even assuming Heaton had established an extraordinary and compelling reason, the Court would deny his requested reduction under the applicable sentencing factors. *See* 18 U.S.C. § 3553(a); *Mercado*, 2025 WL 2987092, at *3.

The Court considers the age at which Heaton committed his prior offenses, his history of substance abuse, the substantial prison term he has served, his programming and recent conduct in custody, and the support offered by family and friends (Dkt. 32 at 7-9, 13-18, 25-27; Dkt. 32-1 at 2-7; Dkt. 34-1 at 1-3). These considerations favor Heaton. In particular, the institutional records reflect meaningful efforts to prepare for a law-abiding life after imprisonment.

Nevertheless, the nature of the instant drug-trafficking offense and Heaton's extensive criminal history weigh heavily against reducing his sentence to time served. His original sentencing calculation accounted for firearm possession and reckless endangerment in connection with his offense, and his criminal-history category reflected repeated convictions despite prior opportunities to desist (Dkt. 32 at 5-9; Dkt. 35 at 3-4, 14-16). At the same time, the sentence imposed was already substantially below the 262-to-327-month advisory range (Dkt. 35 at 4). After weighing Heaton's progress and present circumstances against the seriousness of the offense, the need for adequate deterrence and just punishment, and the need to protect the public, the Court concludes that the § 3553(a) factors do not support the requested reduction.

**D. Request for Counsel**

Heaton also asks the Court to appoint counsel (Dkt. 32 at 32) ("furthermore appointing him Counsel . . . "). His detailed motion and supporting papers adequately present the issues, and the

dispositive questions can be resolved on the existing record. Under these circumstances, the Court declines to appoint counsel.

## V. ORDER

**IT IS ORDERED that:**

1. Defendant Douglas Vernon Heaton's Motion for Modification of Term of Imprisonment (Dkt. 32), construed as seeking relief under 18 U.S.C. §§ 3582(c)(1)(A) and 3582(c)(2), is **DENIED**.

2. Defendant's request for appointment of counsel (Dkt. 32 at 32) is **DENIED**.

DATED: November 17, 2026

Amanda K. Brailsford
U.S. District Court Judge